# In the United States Court of Federal Claims

CHARLES RANDALL HARRISON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 19-1785

Filed: March 23, 2020

ORDER

Plaintiff *pro se* Charles Randall Harrison brings this action against the United States[1] pursuant to the Tucker Act, alleging a Fifth Amendment takings claim because "the United States Inc. has created Series E, I, EE Securities attached to [Mr. Harrison's birth certificate number] in the amount of $8,402,439.28, using his "Private Credit" and his "[f]ull faith and credit." Complaint (Compl.) at 1; Plaintiff's "Motion to Dismiss in its Entirety The United States' Motion to Dismiss" (Resp. Br.) at 1. Plaintiff also claims that he is a "civil executor" entitled to be paid as a "creditor" because "[g]oods pledged by the 'United States' are attached by . . . 'Maritime Hypothecation.'" Compl. at 3. Plaintiff seeks "return of money paid by him to the government" and "repossession of property taken from him" in the amount of $8,402,439.28. Resp. Br. at 3 (citing, *inter alia*,

---

[1] Plaintiff originally appeared to bring his claim against Raul Maldonado, the "Secretary of the Treasury, Puerto Rico," and Puerto Rico (Compl. at 1) but clarified in his Response Brief that his claim is against the United States. *See* Resp. Br. at 1. To the extent that Plaintiff continues to bring claims against Mr. Maldonado or Puerto Rico, this Court does not have jurisdiction to hear those claims, and they must be dismissed pursuant to Rule 12(b)(1). 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (Tucker Act "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . relief sought [against parties other than the] United States . . . must be ignored as beyond the jurisdiction of the court").

Compl. at 3-4).

Plaintiff has filed several other motions and notices in this case, including: a "Motion to Amend and Motion for Default Fed. R. Civ. P. 15, 37" (ECF No. 6); a "Motion to Supplement Record Pursuant to Fed. R. Civ. P. 15(d)" (ECF No. 6); and a document entitled "Judicial Notice" (ECF No. 16), which this Court provided leave to file. Plaintiff, who is incarcerated, also filed a Motion for Leave to Proceed *in forma pauperis* in this matter (ECF Nos. 2). For the reasons set forth below, Plaintiff's Motion to Supplement the Record (ECF No. 6) and his Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) are granted. Plaintiff's Motion to Amend and for Default Judgment (ECF No. 6) is granted in part and denied in part.

Defendant timely moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. For the following reasons, Defendant's Motion to Dismiss (ECF No. 8) is granted.

## APPLICABLE LEGAL STANDARD

In considering Defendant's Motion to Dismiss, the Court "accepts as true all uncontroverted factual allegations in the complaint and construes them to the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted). Like the Plaintiff here, a *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, regardless of the plaintiff's *pro se* status, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Pieczenik v. Bayer Corp.*, 474 F. App'x 766, 770 (Fed. Cir. 2012). Additionally, a plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"). The Court's consideration of a motion to dismiss is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004 and Supp. 2007)).

## DISCUSSION

I. Procedural Motions

### A. *In Forma Pauperis* Motion

As an initial matter, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) in this matter, pursuant to 28 U.S.C. § 1915. On January 13, 2020, the judge previously assigned to this case ordered Plaintiff to submit additional paperwork to satisfy the statute's requirements (ECF No. 5), and on January 27, 2020, Plaintiff complied (ECF No. 9). Accordingly, this Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* in this matter. As noted in the January 13 Order (ECF No. 5), Plaintiff must still pay the entire filing fee, but is now entitled to do so through periodic payments from his inmate trust account.

### B. Motion Supplement the Record

On February 24, 2020, four days after he filed his Response to Defendant's Motion to Dismiss ("Response"), Plaintiff filed an additional Motion to Supplement the Record pursuant to Rule 15(d)[2] (ECF No. 12). This appears to be a motion to supplement his Response. The Court **GRANTS** Plaintiff's Rule 15(d) Motion to Supplement the Record. In considering Defendant's

---

[2] Although Plaintiff filed this Motion pursuant to the Federal Rules of Civil Procedure, the Court liberally construes the Motion as properly filed under the Rules of the Court of Federal Claims.

Motion to Dismiss, the Court fully reviewed and considered all the arguments and factual allegations contained in Plaintiff's Motion to Supplement the Record.

### C. Motion to Amend and for Default Judgment

On January 9, 2020, prior to the Defendant filing its Motion to Dismiss, Plaintiff filed a Motion to Amend his complaint with various supplemental information (ECF No. 6), pursuant to Rule 15.[3] That same motion also sought a default judgment against the Defendant on the grounds that the Defendant allegedly failed to comply with appearance requirements imposed by the Court's standard initial case management order (collectively, the "Motion" or "Pl. Mot."). *See* Pl. Mot. at 2-3. Plaintiff's Motion is granted in part and denied in part. Pursuant to Rule 15(a)(1)(B) and 15(a)(2), Plaintiff's request to amend his complaint is granted. In considering Defendant's Motion to Dismiss, the Court fully reviewed and considered all the arguments and factual allegations contained in Plaintiff's Motion to Amend.

Plaintiff's Motion for a Default Judgment is denied. Defendant timely filed its Motion to Dismiss on January 17, 2020, within 60 days of being served by the Plaintiff, consistent with the requirements of Rule 12(a)(1). Plaintiff contends that Defendant should be held in default because of an alleged failure to comply with a case management order directing Defendant's counsel to file name, address, and telephone information of assigned counsel in accordance with Rule 83.1. Pl. Mot. at 2-3. Plaintiff made such an appearance, consistent with this Court's Rules, on January 17, 2020. *See* ECF No. 7 (Notice of Appearance).

---

[3] *See supra* n. 2.

II.     Motion to Dismiss

Plaintiff alleges that, as a United States citizen, he may recover money from the United States because it is a "bankrupt nation" and House Joint Resolution 192, enacted by Public Law 73-10, Stat. 112, 112-113 (1933), suspending the use of the gold standard, made every American citizen a creditor to the United States. Resp. Br. at 3-4; Compl. at 1-3. Plaintiff also contends he may recover money damages as a creditor under a "maritime hypothecation" theory, which he alleges established a contract and serves as a basis for a Fifth Amendment taking. Compl. at 3-4. He further claims that he is entitled to monetary damages because the United States holds "title to every American by the Certificates of Live Birth as collateral to their creditor, the Federal Reserve Banks, and that these assets (which belong to the American People) are being hypothecated over and over and put at risk for the United States obligations . . ." Resp. Br. at 4; *see* Compl. at 2-3. Plaintiff contends that savings bonds purportedly with his birth certificate number have been taken from him. Resp. at 2-3; Compl. at 1-4. Plaintiff alleges he is entitled to $8,402,439.29 as relief; a figure which he appears to have derived by inputting his birth certificate number hundreds of times, into the Department of the Treasury's Savings Bond Calculator. Compl. at 3-4, Ex. A.

Plaintiff's claim is both frivolous and fails to state a claim upon which relief may be granted under Rule 12(b)(6). As a matter of law, Public Law 73-10 (1933), which suspended the use of the gold standard, did not create a vested property interest in the form of savings bonds associated with Plaintiff's birth certificate number. Courts consistently have rejected such arguments for monetary relief, and this Court agrees that there is no plausible allegation to support a Fifth Amendment taking claim here. *See, e.g., Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-60 (W.D. Va. 2007) (collecting cases) (law suspending use of gold standard addresses "nothing more than the U.S. monetary shift away from the gold standard and provide[s] absolutely

no support" for a right to recovery), *aff'd* 282 F. App'x 260 (4th Cir. 2008); *Troxelle v. United States*, No. 10-312C, 2010 WL 3982349, at *2 (Fed. Cl. Oct. 6, 2010) (collecting cases); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209-10 (D. Conn. 2010) (collecting cases); *Wilkerson v. Gozdan*, No. 2:14-cv-693, 2014 WL 4093279, at *4-5 (M.D. Ala. Aug. 19, 2014).

Plaintiff recently filed nearly identical claim with the U.S. District Court for the District of Columbia. That court dismissed Plaintiff's complaint *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), noting that the Plaintiff's complaint "is simply impossible to comprehend and the Court foresees no possibility of a cure." *Harrison v. Maldenado*, 18-cv-01163, memorandum op. at 2 (D.D.C. May 31, 2018), *aff'd Harrison v. Maldenado*, 752 F. App'x 6 (D.C. Cir. 2019); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As that court stated, "[a] complaint, such as this, that lacks 'an arguable basis in law or in fact' may be dismissed as frivolous." *Id.* at 1 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). After review of all of Plaintiff's submissions this Court finds that Plaintiff's nearly identical claims in this case are also frivolous. Plaintiff's claims "lack an arguable basis in either law or fact" and "embrace[] . . . inarguable legal conclusion[s]" and "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that complaint is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible"). Accordingly, Plaintiff's claims, filed while he was incarcerated, should also be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiff's Motion to proceed *in forma pauperis* (ECF No. 2). This Court also **GRANTS** Plaintiff's Motion to Supplement the Record (ECF No. 12), and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Amend and Motion for Default Judgment (ECF No. 6).

This Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 8). Because this Court finds that Plaintiff cannot plead any facts that would plausibly state a claim for relief, this Court dismisses the action against Defendant without leave to replead. This dismissal shall count towards the limitations proscribed by 28 U.S.C. § 1915(g) regarding Plaintiff's ability to proceed *in forma pauperis* in future matters.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mark this case as closed.

SO ORDERED.

_____
ELENI M. ROUMEL
Judge

Dated: March 23, 2020